UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                              )
SAMSON P. PAYE,               )
        Plaintiff,            )
                              )
    v.                        )    C.A. No. 17-193 WES
                              )
ASHBEL T. WALL, et al.,       )
        Defendants.           )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 17). Plaintiff Samson P. Paye ("Plaintiff" or "Paye"), a prisoner at the Adult Correctional Institutions ("ACI"), has brought a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ashbel T. Wall, Warden Matthew Kettle, Lieutenant William Galligan, and Lieutenant Joshua Macomber (collectively "Defendants"), all of whom are sued in their individual and official capacities. Defendants seek dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. For the reasons that follow, the Motion to Dismiss is GRANTED.

BACKGROUND

Paye is an inmate at the ACI in Cranston, Rhode Island. Defendants are officials and/or officers at the ACI. In his pro se Complaint, Paye alleges violations of 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the United States Constitution, Rhode Island constitutional and/or statutory law, and Department of Corrections ("DOC") policy. In brief, Paye alleges that he was held in segregation for seven additional days without due process, was denied visitation with his mother during this time, and was also denied commissary privileges. He seeks declaratory and injunctive relief, compensatory and punitive damages, and costs. Paye also asks that the Court exercise supplemental jurisdiction over his state law claims.

On March 8, 2017, Paye received a "booking" for assaulting another inmate and was taken to segregation. At his hearing before the disciplinary board the following day, Paye was found guilty of the infraction and given thirty-one days of segregation and thirty-one days' loss of good time as punishment. According to Paye, his time in segregation expired on April 7, 2017, but he was not released from segregation on that day, with no explanation or due process. Also on April 7, 2017, Paye was denied visitation with his elderly mother, who had taken the bus from Providence to see him. In addition, Defendants refused to let him have his commissary order.

Paye filed a grievance regarding these events on April 9, 2017.  On April 13, 2017, he wrote letters to Director Wall, Warden Kettle, Assistant Director James Weeden, and Department Grievance Coordinator Cory Cloud, complaining about being kept in segregation past his release date, denied visitation with his mother, and denied commissary privileges.  On April 14th, Paye was moved out of segregation without an explanation either for his release or for the seven extra days of confinement in segregation. Paye's grievance was ultimately denied.

Paye filed the instant Complaint on April 28, 2017.[1] Defendants' Motion to Dismiss was filed on March 29, 2018. Thereafter, Paye filed two responses ("First Response," ECF No. 25; "Second Response," ECF No. 27) to the Motion to Dismiss. Defendants subsequently filed a response in support of the Motion to Dismiss ("Defendants' Response in Support," ECF No. 28).

STANDARD

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck

---

[1] The Complaint is dated April 28, 2017, and is deemed filed on that date.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

& Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995).  "[I]f, under any theory, the allegations are sufficient to state a cause of action in accordance with the law," the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st. Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007)(abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss."  Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008)(quoting Twombly, 550 U.S. at 559); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but, instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor."  Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).

In considering a motion to dismiss a prisoner's claim that his constitutional rights have been violated, the court must be

guided by the principle that, while "prison officials are to be accorded substantial deference in the way they run their prisons, this does not mean that we will rubber stamp or mechanically accept the judgments of prison administrators." Spratt v. R.I. Dep't of Corr., 482 F.3d 33, 40 (1st Cir. 2007) (citation and internal quotation marks omitted). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

DISCUSSION

I.    Constitutional claims

Pursuant to § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "In order to maintain a section 1983 action, the conduct complained [of] must be committed by a 'person' acting under color of state law and the conduct must have deprived the plaintiff of a constitutional right or federal statutory right." Hewes v. R.I. Dep't of Corr., No. C.A. 00-205 S, 2003 WL 751027, at *2 (D.R.I. Feb. 11, 2003)(citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)).

Paye argues that "[t]he deliberate indifference to segregation confinement without due process and the deni[al] of visitation violated Plaintiff Samson Paye['s] rights and constituted cruel and unusual punishment, and Due Process Violation under the [Eighth] and Fourteenth Amendment[s] to the United States Constitution . . . ." (Compl. ¶ 25.) Defendants respond that Paye has failed to state a claim upon which relief can be granted because his allegations do not rise to the level of violations of either the Eighth Amendment[2] or Fourteenth Amendment.[3] (Defs.' Mem. 2, ECF No. 17-1.)

An inmate does not have a due process right to remain in the general population. See Meachum v. Fano, 427 U.S. 215, 225 (1976). This is because "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Goddard v. Oden, No. CA 15-055 ML, 2015 WL 1424363, at *2 (D.R.I. Mar. 27, 2015)(quoting Price v. Johnston, 334 U.S. 266, 285 (1948)). As long as the discipline "falls within the expected

---

[2] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] The Fourteenth Amendment states in relevant part, "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

perimeters of the sentence imposed by a court of law," no liberty

interest is implicated, and due process rights do not accrue.  Id.;

see also Akinrinola v. Wall, C.A. No. 16-370-M-LDA, 2016 WL

6462203, at *2 (D.R.I. Oct. 31, 2016) ("Principles of due process,

however, will not be implicated unless the punishment in

segregation causes an 'atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life.'"

(quoting Sandin v. Conner, 515 U.S. 472, 484 (1995))); Hewes, 2003

WL 751027, at *2 ("[A] liberty interest is not implicated in a

prison setting unless the changes in prison conditions constitute

'atypical' and 'significant' hardships on inmates in relation to

the ordinary incidents of prison life." (quoting Sandin, 515 U.S.

at 484)).

In the present case, Plaintiff asserts that he remained in

segregation for seven additional days beyond his release date

"without an explanation or due process" (Compl. ¶ 11)), and then

lists the "privileges," namely, visitation with his mother and

commissary, he was denied as a result thereof (id. ¶¶ 12-13).  Such

allegations, however, do not rise to the level of asserting a claim

of the violation of due process because they do not impose

conditions that are "atypical" or a "significant hardship."  See

Akinrinola, 2016 WL 6462203, at *2 (citing Sandin, 515 U.S. at

484)("The fact that Mr. Akinrinola was placed in disciplinary

segregation does not, without allegations that being in

7

segregation caused an 'atypical and significant hardship' beyond the daily realities of being incarcerated in a prison environment, state a claim for relief under the Constitution."); see also Sandin, 515 U.S. at 486 (finding that thirty days in segregation was not atypical and significant hardship on inmate); Goddard, 2015 WL 1424363, at *3 ("Pursuant to Sandin and its progeny, to state a viable claim, Plaintiff must plead more than placement in disciplinary segregation for an extra (30) days or more.")(internal quotation marks omitted).

Nor does Paye's Complaint[4] state an Eighth Amendment violation. "[T]o implicate the Eighth Amendment, prison conditions must be inhumane and officials must be deliberately indifferent to the inhumane conditions." Harris v. Perry, No. 15-222-ML, 2015 WL 4879042, at *5 (D.R.I. July 15, 2015)(citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)); see also id. at *2 ("[I]n order to state a viable claim, Harris was required to make plausible allegations that . . . he was subjected to inhumane conditions by prison officials who acted with deliberate indifference.")(internal quotation marks omitted).

---

[4] Defendants correctly note that in his First Response and Second Response Paye includes "new and entirely irrelevant facts which are not contained in the Complaint." (Defendants' Response in Support 1.) The Court does not consider those allegations as they are not properly raised in a reply to a response. See D.R.I. LR Cv 7(a)(4) ("A reply shall not present matters that do not relate to the response, or reargue or expand upon the arguments made in support of the motion.").

Although Paye alleges that Defendants acted with deliberate indifference (Compl. ¶¶ 4-7), he has not demonstrated, or even alleged, that he was subjected to inhumane conditions during the time in question, see Harris, 2015 WL 4879042, at *2. He simply states that "the deliberate indifference to segregation confinement without due process and the denial of visitation[5] . . . constituted cruel and unusual punishment, and Due Process violation." (Compl. ¶ 25.) However, "[d]isciplinary segregation, even for periods as long as twenty six months, does not constitute cruel and unusual punishment." Harris, 2015 WL 4879042, at *5. "Merely using constitutional words in a complaint are not sufficient to state a claim." Akinrinola, 2016 WL 6462203, at *2.

Paye has not demonstrated that he was deprived of a constitutional or federal statutory right. See Hewes, 2003 WL 751027, at *2. Specifically, Paye has not shown that his Eighth or Fourteenth Amendment rights were violated by being held in segregation for seven extra days. See id. Paye's federal claims, therefore, must be dismissed for failure to state a claim. See Harris, 2015 WL 4879042, at *6.

---

[5] As Defendants point out, there is no constitutional right to visitation. (Defendants' Mem. 5 (quoting Dewitt v. Wall, No. 01-65 T, 2001 WL 1136090, at *3 (D.R.I. July 31, 2001))); see also Williams v. Wall, No. 06-12S, 2006 WL 2854296, at *3 (D.R.I. Oct. 4, 2006)(finding no liberty interest violated by thirty days loss of visitation).

II. State and DOC Policy Claims

As the Court has dismissed Paye's federal claims, it declines to exercise supplemental jurisdiction over his state law and DOC policy claims. See DM Research, Inc. v. Coll. of Am. Pathologists, 2 F. Supp. 2d 226, 230 (D.R.I. 1998)("Having determined that the sole federal claim should be dismissed, the Court has discretion to determine whether it should exercise supplemental jurisdiction over [state law] claims."); see also id. ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966))). Accordingly, the Motion to Dismiss is GRANTED as to those claims as well.

## CONCLUSION

Paye's Complaint does not contain allegations sufficient to state either an Eighth Amendment or a Fourteenth Amendment claim, and, therefore, fails to state a claim upon which relief may be granted. Therefore, Defendants' Motion to Dismiss (ECF No. 17) pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED.

IT IS SO ORDERED.

_WESmith_
_____
William E. Smith
Chief Judge
Date:  September 27, 2018